UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWLIN SAEPHARN,<br><br>    Petitioner,<br><br> v.<br><br>JOHN MARSHALL, Warden,<br><br>    Respondent. | 1:07-CV-00249 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #5] |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action has been referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

  On February 16, 2007, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner challenges a decision of the Board of Parole Hearings denying him parole on the sixth occasion. On May 7, 2007, Respondent filed a motion to dismiss the petition for failure to allege sufficient facts. Petitioner filed an opposition to the motion to dismiss on May 21, 2007.

**DISCUSSION**

  Pending before the Court is Respondent's motion to dismiss the petition. Respondent contends the petition does not state facts supporting each ground for relief as required by Rule 2(c)

of the Rules Governing Section 2254 Cases. Respondent further alleges the petition is vague and conclusory and the facts are not sufficient in detail to enable Respondent or the Court to determine whether the petition merits further review. Petitioner opposes Respondent's motion to dismiss and stands on his original petition claiming it to be sufficiently pled.

As a preliminary matter, Petitioner correctly argues the instant motion was not contemplated in the order directing Respondent to file a response. As stated in the order, the parties were directed to seek leave of court pursuant to Fed. R. Civ. P. § 16(e) before submitting any pleading not contemplated by the order. However in the interest of judicial efficiency, the Court will excuse Respondent's omission in this instance, because the petition is not sufficiently pled and requires amendment. Respondent is advised that, in the future, leave of court should be sought before filing a pleading not contemplated in the order to respond.

Title 28 U.S.C. § 2242 requires that an application for writ of habeas corpus "allege the facts concerning the applicant's commitment or detention. . . ." Further, Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) provides:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The Court is mindful that Petitioner is proceeding pro se and must therefore be accorded extra leeway when reviewing the sufficiency of his legal pleadings. See McNeil v. United States, 508 U.S. 106, 113 n. 10 (1993) (*dicta*) ("we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed"), *citing* Estelle v. Gamble, 429 U.S. 97. 106 (1976). However, the Supreme Court has stated that "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Unlike most civil litigation in which the modern preference has been for "notice pleading," habeas corpus requires "fact pleading." Id., at 860 (O'Connor, J., concurring in the judgment in part) ("habeas petition, unlike a [civil] complaint, must allege the factual underpinnings of the petitioner's claims"); Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Cases ("notice pleading is

insufficient [in habeas corpus pleadings], for the petition is expected to state facts that point to a 'real possibility of constitutional error'"), *quoting* Aubut v. State of Maine, 431 F.2d 688 (1st Cir.1970).

The Court has reviewed the petition filed and finds the grounds are not sufficiently stated and require amendment to proceed. In Ground One, Petitioner claims the grounds set forth by the Board in denying parole were formed on an improper basis and are therefore arbitrary and capricious. In support of his claim, he states the finding of insufficient programming is unsupported by the record. He further claims the finding based on the commitment offense is arbitrary. Unfortunately, Petitioner does not discuss and explain how and why the Board's findings were insufficient or arbitrary. This claim is therefore insufficiently pled.

In Ground Two, Petitioner claims the Board has misinterpreted Cal. Penal Code § 3041 so as to systematically deny parole in all murder cases thus divesting his liberty interest in parole. Petitioner does not further support this claim, but he need not do so. The facts relevant to the claim are in Respondent's possession, and it would be an undue burden to expect Petitioner to research and obtain the record and statistics of the Board's countless parole hearings. Therefore, this claim is sufficiently pled and no amendment is necessary.

In Ground Three, Petitioner complains that the Board has violated his plea agreement by subjecting him to excessive incarceration. This claim should be dismissed because it attacks the underlying conviction and does not relate to his parole proceedings. As Petitioner himself states, he was sentenced to serve a term of 16 years to life. In denying Petitioner parole, the Board has not violated the terms of the sentence. Any claim that Petitioner and the State entered into a plea bargain which would shorten the term to less than 16 years to life must be made in a petition directly challenging the conviction.

In Ground Four, Petitioner claims the state courts' decisions were contrary to and involved an unreasonable application of federal constitutional law. Petitioner then directs the court to his state petitions. This claim must also be dismissed. In essence, Petitioner has only restated the standard set forth in 28 U.S.C. § 2254(d) which the Court must use to evaluate his claims. In addition, Petitioner's act of directing the Court to his state court pleadings does not meet the standard set forth in Rule 2(c) that requires him to specify his grounds and state the supporting facts.

E. D. California        cd                              3

In support of his opposition, Petitioner has lodged approximately 246 pages of exhibits. It appears Petitioner seeks to assist the Court and Respondent in meeting Respondent's call for supplying the relevant transcripts and record. Unfortunately, Petitioner only illustrates Respondent's point. Petitioner does not direct the Court's attention to any particular facts contained within these exhibits. From this lodging of exhibits and Petitioner's directives in his petition that the Court refer to his state court pleadings, it seems Petitioner expects Respondent and ultimately the Court to review the 246 pages of documentation he has provided to review his claims. This is not the duty of the Court. Williams v. Kullman, 772 F.2d 1048, 1051 (2d Cir.1983) ("Despite our firm conviction that the pleading requirements in habeas corpus proceedings should not be overly technical and stringent, it would be unwise to saddle district judges with the burden of reading through voluminous records and transcripts in every case."); Adams v. Armontrout, 897 F.2d 332,333 (8th Cir. 1990) ("We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state record of habeas corpus petitioners to ascertain whether facts exist which support relief.").

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Petitioner's Motion to Dismiss be GRANTED. It is further RECOMMENDED that Grounds Three and Four of the petition be DISMISSED with prejudice, Ground One be DISMISSED with leave to amend, and Petitioner be DIRECTED to file an amended petition in compliance with Rule 2(c) of the Rules Governing Section 2254 Cases.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.

1  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  IT IS SO ORDERED.
5  **Dated:   June 8, 2007**                  **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE