UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOWLIN SAEPHARN, | ) | 1:07-00249 OWW SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER GRANTING PETITIONER'S |
| | ) | REQUEST FOR JUDICIAL NOTICE IN |
| v. | ) | PART |
| | ) | |
| | ) | [Doc. #20] |
| JOHN MARSHALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 1, 2007, Petitioner filed a motion requesting this Court take judicial notice of a Santa Clara County Superior Court Order in In re Criscione, case no. 71614. On November 15, 2007, Respondent timely[1] filed an opposition to Petitioner's motion. Petitioner timely filed a reply on November 29, 2007.

**DISCUSSION**

"A court may take judicial notice of its own records in other cases, as well as the records of

---

[1] Petitioner contends the opposition was untimely because it was filed fourteen calendar days after his motion, and the order setting briefing schedule specified that "All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing." See Doc. # 3. In computing any period of time pursuant to Fed. R. Civ. Proc. § 6(a), "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." In this case, accounting for the two Saturdays and Sundays which fell between November 1, 2007, and November 15, 2007, Respondent's Opposition was timely.

1  an inferior court in other cases." <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir.1980). Fed. R.
2  Evid. § 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute in that it
3  is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of
4  accurate and ready determination by resort to sources whose accuracy cannot reasonably be
5  questioned."

6       Respondent concedes that the Court may take judicial notice of the existence of the order;
7  however, Respondent argues the Court may not apply any findings of the state superior court's order
8  in this case. In his reply, Petitioner initially states he submitted his motion "simply to alert the Court
9  to the fact that 'such litigation' has been established." <u>See</u> Petitioner's Reply at 1. Then, Petitioner
10 takes a different stance and argues for an expansive review of the case. In particular, he requests that
11 the Court

12     "take Judicial Notice of the fact that an extensive review was conducted on the Board of
    Parole Hearings during the time frame of his challenged parole hearing, and the 'undisputed'
13     statistical evidence revealed in the research concluded the Board found the commitment
    offense in 100% of the 2,690 randomly selected parole suitability hearings to be of the most
14     gruesome category."

15 <u>See</u> Reply at 5. In essence, Petitioner's request is for the Court to consider the statistics determined
16 in the superior court case and apply them in the instant case.

17      Respondent correctly argues that this request is improper. As noted above, the Court may not
18 take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid. § 201(b). Respondent
19 disputes the conclusions of the superior court, and the order has been stayed on appeal. In addition,
20 the statistics determined in the superior court case are not "generally known" or "capable of accurate
21 and ready determination." <u>Id</u>.

22      Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for judicial notice is
23 GRANTED in part. The Court hereby TAKES judicial notice of the fact of the order issued in <u>In re</u>
24 <u>Criscione</u>, case no. 71614.

25 IT IS SO ORDERED.

26 **Dated:   February 8, 2008**          /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE
27
28